| | | |
|---|---|---|
| ARIANA ESPOSITO<br>8411 Lilliam Lane<br>Laurel, MD 20723 | * | |
| | * | |
| | * | |
| Plaintiff, | * | IN THE |
| | * | CIRCUIT COURT |
| v. | * | FOR BALTIMORE |
| MARYLAND DEPARTMENT OF<br>STATE POLICE<br>1201 Reisterstown Road<br>Pikesville, MD 21208-3899 | * | COUNTY |
| | | Case No.: |
| and | * | |
| COLONEL WILLIAM M. PALLOZZI,<br>Superintendent, Maryland State Police | * | JURY TRIAL |
| | * | |
| and | * | |
| | * | |
| LIEUTENANT DANIEL FAIRBURN, | * | |
| and | * | |
| SERGEANT DIANE T. HANSEN, | * | |
| | * | |
| and | * | |
| CAPTAIN SCOTT KEYSER, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Ariana Esposito (hereinafter "Plaintiff" or "Ms. Esposito"), by and through

undersigned counsel Melanie L. Glickson, Esq., and Gregg H. Mosson, Esq., of Glickson Law

Firm, LLC, files this Complaint against the State of Maryland, Maryland State Police Department

("Defendant" or "State Police"); Colonel William M. Pallozzi; Lieutenant Daniel Fairburn; Sergeant Diane T. Hansen; and Captain Scott Keyser, in their individual capacities.

## I.   NATURE OF THE ACTION

1.     This is an employment case involving challenges to Plaintiff's termination. Plaintiff was terminated because of her marriage, in violation of her right to intimate association, which is protected by the U.S. Constitution and the Maryland Declaration of Rights, and made actionable pursuant to 42 U.S.C. § 1983.  Plaintiff also brings suit under the Maryland Fair Employment Practices Act, MD. CODE ANN., STATE GOV'T §20-606, ("FEPA") on the grounds that she was unlawfully discharged because of her marital status.  Further, and in the alternative, Plaintiff bring suit based on the tort of wrongful discharge in violation of public policy (Plaintiff's right to marry).

2.     Ms. Esposito was a trainee at the Police Academy.  She was on track to graduate in just a few weeks as the top female candidate in her class, when she was abruptly terminated.  The State Police claim she was terminated for failing to disclose her marriage, and/or because she married a person who was charged with crimes in San Francisco, California.  Ms. Esposito did not engage in any activity warranting termination.  She was an excellent candidate for the State Police, and her lifelong ambition of a career in the State Police was crushed through no fault of her own. In terminating Ms. Esposito for marrying her boyfriend, Defendants violated her constitutional right to intimate association, discriminated against her on the basis of her marital status, and wrongfully discharged her in violation of public policy.

## II.   FACTS COMMON TO ALL COUNTS

3.     Plaintiff, Ms. Ariana Esposito, is a citizen of the State of Maryland, and a resident of the State.

4.    Defendant, Maryland State Police Department ("State Police"), is a state government agency that at all times materially herein has operated the State Police Academy within the State of Maryland.

5.    The State Police is headquartered in Baltimore County, Maryland, maintains offices and places of business in and about the State of Maryland, and is and has been at all times material herein engaged in business in this judicial district, and subject to suit within this court and in Baltimore County.

6.    Defendant Colonel William M. Pallozzi is the Superintendent of the Maryland State Police Department. Defendant Pallozzi terminated Plaintiff on May 21, 2015.

7.    Defendants Lieutenant Daniel Fairburn, Sergeant Diane T. Hansen, and Captain Scott Keyser are employees of the State Police and supervised Plaintiff. Defendants Fairburn, Hansen and Keyser took action to effectuate Plaintiff's termination in violation of her Constitutional rights, as well as state statutory and/or common law.

8.    As the unlawful employment practices complained of herein occurred within Baltimore County, venue in this Court is proper.

9.    Plaintiff brings this lawsuit within two years of her termination on May 21, 2015, and after 180 days of filing her administrative charge, pursuant to MD. ANN. CODE ST. GOV. § 20-1013, and thus has a statutory right to bring suit.

10.    Plaintiff filed a timely charge of discrimination with the Maryland Commission on Civil Rights on or around September 22, 2015. Plaintiff received a Notice of Right to Sue on January 23, 2016 and files this lawsuit within 90 days. A copy of the Right to Sue Notice is attached hereto as Exhibit 1.

11.    Plaintiff filed a notice of a tort claim with the Maryland State Treasurer by both

facsimile and First Class U.S. Mail on March 15, 2016, which is within one year of Defendant's

unlawful termination of Plaintiff on May 21, 2015.

12.    Plaintiff files this civil action pursuant to 42 U.S.C. § 1983 before the end of the

applicable statutes of limitation.

13.    Ms. Esposito graduated from University of Maryland, College Park in 2013 with a

degree in Criminology and Criminal Justice.

14.    She began training at the Police Academy on January 26, 2015.

15.    At the time of her termination, Ms. Esposito was on track to graduate from the

Police Academy in just a few weeks as the top female candidate in her class. Further, she was

ranked No. 14 overall out of 45 total candidates, both male and female.

16.    On or about March 26, 2015, Ms. Esposito's boyfriend at the time was charged with

wire fraud and money laundering in connection with the digital currency known as "bitcoins" in

San Francisco, California.

17.    On or about March 30, 2015, Sergeant Cottman asked the female trainees whether

anyone was currently dating someone by the name of Shaun Bridges. Ms. Esposito replied in the

affirmative. Sergeant Cottman then took her aside and made further inquiries about the nature of

her relationship. Ms. Esposito answered all questions openly and honestly.

18.    On or about March 30, 2015, Ms. Esposito was called to a meeting with Captain

Keyser, Lieutenant Fairburn and Sergeant Hansen. Ms. Esposito again disclosed that she was in a

romantic relationship with her long-term boyfriend with whom she resided.

19.    Captain Keyser advised Ms. Esposito that the State Police had a "policy" against

associating with "convicted felons." Captain Keyser further asked Ms. Esposito to keep her

superiors updated as to the criminal proceedings against her boyfriend and her potential

involvement.

20.    In accordance with Captain Keyser's instructions, Ms. Esposito routinely updated her supervisors as to the criminal proceedings against her boyfriend as it related to her potential involvement. Specifically, she provided Sergeant Hansen with weekly written updates by e-mail.

21.    On or about April 2, 2015, Lieutenant Fairburn met with Ms. Esposito and expressed empathy and support. He stated that he understood that Ms. Esposito was in a difficult situation. He further stated that she was a strong candidate and he hoped the stress of her boyfriend's situation would not affect her too much. Lieutenant Fairburn made additional inquiries about the nature of her relationship with Mr. Bridges. He further stated that every rule has an exception, and that if she were married to Mr. Bridges, perhaps it would improve the possibility of such an "exception" being made.

22.    Following Lieutenant Fairburn's advice, Ms. Esposito and Mr. Bridges were married on April 12, 2015.

23.    On or about April 18, 2015, Ms. Esposito notified the State of Maryland of the change in her marital status.

24.    On or about May 20, 2015, Ms. Esposito was summoned to Captain Keyser's office and told that there would be a probationary hearing that morning regarding her termination for failing to disclose that she got married. The hearing commenced immediately.

25.    The hearing lasted about one hour. The focus of the hearing was Ms. Esposito's alleged failure to disclose her marriage to her superiors.

26.    On Thursday, May 21, 2015, Ms. Esposito was terminated. *See* Exhibit 2.

27.    On June 3, 2015, in accordance with § 11-303 of the State Personnel and Pensions Article, Ms. Esposito timely appealed the termination to Colonel William M. Pallozzi,

Superintendent, asserting that her termination was illegal and unconstitutional.

28.    Ms. Esposito never received any response to her timely appeal.

**COUNT I**
**42 U.S.C. § 1983**
Violation of the Constitutional Right to Intimate Association
(Retaliation for Engaging in Intimate Association)
Against Maryland State Police Department & All Defendants in their Official and Individual
Capacity

29.    Plaintiff incorporates by reference Paragraphs 1 through 28, inclusive, as if the same have been set forth fully herein.

30.    Plaintiff brings this claim pursuant to the Maryland Declaration of Rights, the First, Fifth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C § 1983.

31.    Defendants terminated Plaintiff due to her intimate association with her long-term, live-in significant other through marriage.

32.    Defendants terminated Plaintiff due to her marriage and her choice of whom to marry.

33.    Plaintiff's right to marry and create a family of her own is a right protected by the U.S. Constitution and Maryland Constitution. It is a liberty interest of the highest order involving her personal liberty, deepest privacy, and right to associate. Defendants terminated Plaintiff to harm Plaintiff as a result of Plaintiff marrying whom she wanted, intruding as a state agency upon Plaintiff's Constitutional liberty and privacy unlawfully and wrongly.

34.    Defendants intended to fire Plaintiff due to her marriage choice.

35.    Defendants acted with knowing malice in violation of Plaintiff's Constitutional rights.

36.    Defendants' termination of Plaintiff was state action.

6

37.    By aforementioned reason, Plaintiff is entitled to all legal and equitable remedies available, including actual damages, compensatory damages, pre and post judgment interest, punitive damages, and attorneys' fees and costs.

**COUNT II**
**42 U.S.C. § 1983**
Violation of the Constitutional Right to Intimate Association
(Facial Challenge to Workplace Rule as Vague and Overbroad)
Against Maryland State Police Department & All Defendants in their Official and Individual Capacity

38.    To the extent Defendants terminated Plaintiff because of her alleged violation of workplace Personnel Directive (PER) 17.03.G.1 ("PER Rule 17.03.G.1"), Plaintiff facially challenges this state action under the Fourteenth Amendment of the U.S. Constitution and the Maryland Declaration of Rights.

39.    PER Rule 17.03.G.1 provides, in relevant part:

> Plaintiff should "avoid associations and dealings with persons whom he knows, or should know, are racketeers, illegal gamblers, felons, persons under criminal investigation or indictment, or others who have a reputation in the community for felonious or criminal behavior."

40.    PER 17.03.G.1 is unconstitutionally overbroad because it is not tailored to ensure Plaintiff avoids conflicts-of-interest within the scope of her job, geographically and/or otherwise.

41.    PER 17.03.G.1 is unconstitutionally vague because the rule seeks to forbid "dealings," which could range from conversations to business deals to marriage, and applies to felons known as well as whom should be known, a vague category requiring Plaintiff to puzzle over what should be done or not, whom should be known or not, without being able to act clearly. Thus, the Rule holds Plaintiff accountable without Plaintiff knowing its scope. PER 17.03.G.1 is so vague that it violates the U.S. Constitution and the Maryland Declaration of Rights.

42.    PER 17.03.G.1 is unconstitutionally vague and arbitrary because it lists no

7

consequences and merely provides guidance, prescribing what subjects to it "should do," rather than informing subjects to it with specifics about what must be done, and what are the consequences for any violation.

43.    PER 17.03.G.1 applies to "associations and dealings" and is overbroad and vague as to marriage.

44.    PER 17.03.G.1 infringes upon intimate associations and marriage and related Constitutional rights and protections.

45.    PER 17.03.G.1 does not provide Plaintiff or others with a fair warning of what to do and what not to do and so is unconstitutionally overbroad and vague.

46.    Plaintiff requests voidance of PER 17.03.G.1, expungement of all related employment disciplinary records in Defendants' possession, custody and control, and reinstatement.

47.    By aforementioned reason, Plaintiff is entitled to all legal and equitable remedies available, including lost pay, reinstatement; nominal, compensatory, and punitive damages; pre and post judgment interest; and attorney's fees and costs.

### COUNT III
#### 42 U.S.C. § 1983
Violation of the Constitutional Right to Intimate Association
(Challenge to Workplace Rule as Applied to Plaintiff)
Against Maryland State Police Department & All Defendants in their Official and Individual
Capacity

48.    Plaintiff incorporates by reference Paragraphs 1 through 47, inclusive, as if the same have been set forth fully herein.

49.    Plaintiff challenges this state action under the Fourteenth Amendment of the U.S. Constitution.

50.    PER 17.03.G.1 is unconstitutional as applied to Plaintiff in terminating Plaintiff due to her marriage.

51.    PER 17.03.G. infringes upon the intimate association of marriage.

52.    Defendants terminated Plaintiff due to her intimate association through marriage with her long-term boyfriend.

53.    Defendants terminated Plaintiff due to her Constitutionally protected choice of whom to marry and Constitutionally protected right to intimately associate as spouses.

54.    Defendants applied PER 17.03.G.1 upon Plaintiff to directly affect, hinder, and punish Plaintiff due her right to marry and exercise of that right.

55.    Plaintiff's right to marry and create a family of her own choosing is a Constitutionally protected right under the Fifth and Fourteenth Amendments, substantial Due Process Clauses.  Furthermore, it is a liberty interest of the highest order involving Plaintiff's personal liberty, deepest privacy, and right to intimately associate under the First, Fifth, and Fourteenth Amendments.

56.    Defendants intruded as a state agency upon Plaintiff's Constitutional rights.

57.    Marriage is a fundamental right requiring this Court's strict scrutiny of state infringement.

58.    PER 17.03.G.1 is not narrowly tailored nor substantially justified as applied here to interfere with and directly affect Plaintiff's intimate association through marriage.

59.    PER 17.03.G.1 does not use the least restrictive means to achieve its purpose, but rather is overbroad in being applied to "associates and dealings," among other things.

60.    Defendants did not narrowly tailor PER 17.03.G.1 to ban police officer associations with arrestees and former arrestees.  It is not narrowly tailored nor using the least restrictive means.

9

61.    Defendants intended to fire Plaintiff due to her marriage.

62.    Defendants were either substantially or entirely motived to fire Plaintiff due to her marriage to her long-term, live-in significant other; Defendants would not have fired Plaintiff otherwise, and fired Plaintiff within weeks of discovering her marriage to this same person.

63.    PER 17.03.G.1 as applied here of not permitting any police officer to marry any person under criminal indictment regardless of geographical scope, factual relevance, and job-related contacts, does not serve a legitimate state interest substantial enough to bar Plaintiff from marrying her long-term, live-in significant other and justify Plaintiff losing her job.

64.    Defendants' unwarranted interference with Plaintiff's personal liberty, privacy and associational rights to marry is unconstitutional, void, and Plaintiff must be made whole.

65.    Plaintiff seeks voidance of PER 17.03.G.1, expungement of all related employment disciplinary records in Defendants' possession, custody and control, and reinstatement.

66.    By aforementioned reason, Plaintiff is entitled to all legal and equitable remedies available, including lost pay, reinstatement; nominal, compensatory, and punitive damages; pre and post judgment interest; and attorney's fees and costs.

### COUNT IV
### Maryland Fair Employment Practices Act, MD. CODE ANN., STATE GOV'T §20-606
### ("FEPA")
Marital Status Discrimination
Against Defendant Maryland Department of State Police

67.    Plaintiff incorporates by reference Paragraphs 1 through 67, inclusive, as if the same have been set forth fully herein.

68.    The State Police fired Plaintiff due to Plaintiff's marriage to her long-term boyfriend with whom she resided.

69.    The State Police acted against Plaintiff with discriminatory animus toward her

10

marital status.

70.  If Plaintiff had not married, the State Police would not have fired her.

71.  The State Police fired Plaintiff because it discovered that Plaintiff had married, evidencing the causal relation between the State Police's conduct and Plaintiff's protected status as married. It was not the association that led to Plaintiff's termination, it was the fact that she married.

72.  The State Police's conduct constitutes discrimination based upon marital status.

73.  The State Police acted with knowing malice.

74.  By aforementioned reason and pursuant to MD. ANN. CODE ST. GOV. §§ 20-1009, 20-1013, 20-1015, Plaintiff is entitled to all legal and equitable remedies available, including actual damages, back pay, reinstatement, compensatory damages, pre and post judgment interest, and attorney's fees and costs.

### COUNT V
**Wrongful Discharge in Violation of Public Policy**
Against Defendant Maryland Department of State Police

75.  Plaintiff incorporates by reference Paragraphs 1 through 74, inclusive, as if the same have been set forth fully herein.

76.  In the alternative, Plaintiff sues the State Police for wrongful discharge under Maryland common law for retaliation against her for exercising her right to intimately associate under the First and Fifth Amendments of the U.S. Constitution.

77.  Plaintiff's constitutional right to intimately associate is incorporated into Maryland public policy through the Second Article of the Maryland Declaration of Rights as well as through Plaintiff's liberty rights under Maryland law.

78.  Defendant State Police acted with malice in harming Plaintiff economically within

11

weeks of being informed of Plaintiff's intimate association with her spouse through the intimacy of marriage.

79.     Defendant State Police specifically terminated Plaintiff in retaliation for marrying whom she chose, in exercise of her right to so intimately associate.

80.     Defendant State Police acted with knowing malice in violation of Plaintiff's constitutional rights to harm Plaintiff directly and economically.

81.     By aforementioned reason, Plaintiff seeks lost wages, compensatory damages, punitive damages, pre and post judgment interest, and attorney's fees and costs necessitated by Defendant State Police's wrongful and unlawful conduct.

## COUNT VI
### INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983
Against Maryland Department of State Police and
Defendants Pallozzi, Fairburn, Keyser and Hansen,
Officially and in their Individual Capacity

82.     Plaintiff incorporates by reference Paragraphs 1 through 81 inclusive, as if the same have been set forth fully herein.

83.     Plaintiff sues Defendants as a state actor under 42 U.S.C § 1983 for the injunctive relief of reinstatement.

84.     Plaintiff sues Defendants for attorney's fees and costs.

85.     By aforementioned reason, Plaintiff seeks reinstatement, and order of protection from retaliation, attorney's fees and costs, and any declaratory and injunctive relief the Court deems proper and just.

*[Signature on Next Page]*

12

Respectfully submitted,

Melanie L. Glickson
Gregg H. Mosson
GLICKSON LAW FIRM LLC
6 Reservoir Circle, Suite 201
Pikesville, MD 21208
(443) 550-1298
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands that these allegations be tried before a jury.

Respectfully submitted,

Melanie L. Glickson
Gregg H. Mosson
GLICKSON LAW FIRM LLC
6 Reservoir Circle, Suite 201
Pikesville, MD 21208
(443) 550-1298
*Attorneys for Plaintiff*